Kenji Kozuma, OSB# 954806
Email: kenji@kblawpdx.com
KB Law, LLC
1717 NE 42nd Avenue, #3210
Portland, OR 97213
P: (503) 206-8122

Joseph N. Casas (Lead Counsel)
        *(pro hac vice application to be filed)*
Email: joseph@talentrights.law
THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: (855) 267-4457

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

|  |  |
|---|---|
| CORA SKINNER, JAMILLETTE GAXIOLA, TIFFANY GRAY a/k/a TIFFANY TOTH, SARA UNDERWOOD, LINA POSADA, JENNIFER ZHARINOVA, CIELO JEAN GIBSON, and CLAUDIA SAMPEDRO,<br><br>                         Plaintiffs,<br><br>v.<br><br>THE VELVET ROPE LLC, d/b/a THE VELVET ROPE,<br>                         Defendant. | CASE NO.: _____<br><br><br><br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiffs Cora Skinner, Jamillette Gaxiola, Tiffany Gray a/k/a Tiffany Toth, Sara Underwood, Lina Posada, Jennifer Zharinova, Cielo Jean Gibson, and Claudia Sampedro (collectively, "Plaintiffs"), file this Complaint against The Velvet Rope LLC, d/b/a The Velvet Rope ("Velvet Rope" or "Defendant") and respectfully allege as follows:

///

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 1

## BACKGROUND

1.     Defendant published various photographs containing Plaintiffs' image and likeness on their social media advertising for purposes of promoting their adult oriented establishment known as a swinger's club in Portland, Oregon. In doing so, Defendant mislead consumers and defamed Plaintiffs character and reputation by making it appear that Plaintiffs were so-called "swingers", worked at Defendant's Swingers Club, and/or endorsed the same. This is an action for damages relating to Defendant's false and misleading publications, and invasion of Plaintiffs' right of publicity and privacy.

2.     As detailed below, Defendant's unauthorized use of Plaintiffs' Images, photos and likenesses (collectively, "Images") constitutes violations of: (1) section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (False Advertising); (2)  section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (False Association); (3) Oregon's Unlawful Trade Practices law (O.R.S. § 646.605); (4) Oregon's Common Law Rights of Publicity & Privacy; (5) Defamation of Character; and (6) Negligence.

## JURISDICTION & VENUE

3.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiffs have stated claims under, inter alia, the Lanham Act, 15 U.S.C. §1125(a)(1)(A). This Court also has subject matter jurisdiction because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

4.     This Court has jurisdiction over the state law claims asserted, pursuant to 28 U.S.C. § 1367.

5.     Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 2

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

6.     According to publicly available records, defendant The Velvet Rope LLC, operating under the laws of the State of Oregon, operates The Velvet Rope, which is located 3533 SE Cesar Estrada Chavez Blvd., Portland, Oregon 97202.

7.     Venue is proper in the United States District Court for the District of Oregon because Defendant's principal place of business is in Portland, Oregon.

8.     A significant portion of the alleged causes of action arose and accrued in Portland, Oregon and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Portland, Oregon.

**PARTIES**

*Plaintiffs*

9.     Plaintiff Cora Skinner ("Skinner") is a well-known professional model, and a resident of Travis County, Texas.

10.     Plaintiff Jamillette Gaxiola ("Gaxiola") is a well-known professional model, and a resident of Clark County, Nevada.

11.     Plaintiff Tiffany Gray a/k/a Tiffany Toth ("Gray") is a well-known professional model, and a resident of Orange County, California.

12.     Plaintiff Sara Underwood ("Underwood") is a well-known professional model, and a resident of Jefferson County, Washington.

13.     Plaintiff Lina Posada ("Posada") is a well-known professional model, and a resident of San Bernardino County, California.

14.     Plaintiff Jennifer Zharinova ("Zharinova") is a well-known professional model, and a resident of Los Angeles County, California.

15.     Plaintiff Cielo Jean Gibson ("Gibson") is a well-known professional model, and a

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 3

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

resident of Los Angeles County, California.

16.     Plaintiff Claudia Sampedro ("Sampedro") is a well-known professional model, and a resident of Miami-Dade County, Florida.

***Defendant***

17.     Defendant The Velvet Rope LLC, is a domestic limited liability company formed under the laws of the state of Oregon and registered to conduct business in Oregon. At all times relevant to this action, The Velvet Rope LLC, operated The Velvet Rope in Portland, Oregon.

18.     Service of process may be perfected upon Defendant The Velvet Rope LLC, by serving the registered agent for service of process, Alexis J. Bowlds, who can also be served in his or her capacity as an individual Defendant at 3533 Southeast 39th Avenue, Portland, Oregon 97202.

19.     Plaintiffs are informed and believe and, on such information and belief, allege that the employees and contractors of Defendant now and at all times mentioned herein were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of the Defendant.

20.     Plaintiffs are informed and believe and, on such information and belief, allege that each of Defendant's employees and/or contractors are now and at all times mentioned herein were the agent, servant of Defendant.  Thus, in doing the acts alleged herein, Defendant's employees were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of each of the Defendant and as such that Defendant has authorized and/or ratified the wrongful activities of each of its employees and/or contractors.

///

///

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 4

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

## FACTUAL ALLEGATIONS

21.    Each Plaintiff is a well-known professional model who earns their livelihood modeling and licensing their Images to companies, magazines and individuals for the purpose of advertising products and services.

22.    Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

23.    In early 2022, Plaintiffs, by and through their attorneys and at Plaintiffs' direction, began to conduct research in the Portland area to determine whether establishments such as Defendant were using their Images without their authorization or consent.   In January 2024, Plaintiffs discovered and identified their Images in Defendant's social media accounts to promote and advertise their adult-oriented establishment.   The Images which are the subject of this lawsuit are attached to this complaint as Exhibits A-H.

24.    Each of the Plaintiffs' Images was misappropriated, and/or altered, by Defendant to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant.

25.    In the case of each Plaintiff, this apparent claim was false.

26.    Moreover, this misappropriation occurred without any Plaintiff's knowledge, consent, or authorization.

27.    No Plaintiff has ever received any remuneration for Defendant's improper and illegal use of their Images, and Defendant's improper and illegal use of Plaintiffs' Images have

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 5

caused each Plaintiff to suffer substantial monetary damages and harm to reputation.

28.     Further, in certain cases Defendant misappropriated Plaintiffs' advertising ideas (and/or the advertising ideas of their licensees) because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market to potential clients, grow their fan base, and build and maintain their brand.  By using the Plaintiffs' image and likeness, Defendant did not use their own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their establishment to the public.

***Plaintiffs' Individual Backgrounds and Careers***

29.     Plaintiff **Cora Skinner** is a model and actress. Her television show appearances include, The Tonight Show with Jay Leno, Rules of Engagement, QVC, Shark, Las Vegas "White Christmas", and CSI Miami.  She has modeled for name brands such as, Sketchers, Nordstrom, Fredricks of Hollywood, Tecate, Skky Vodka, and Muscle & Fitness to name a few.  She has even appeared on music videos such as Def Leppard's "Nine Lives". She has 75.1 thousand Instagram followers.[1]

30.     That we know of, Skinner is depicted in the photo in **Exhibit A** to promote Velvet Rope on its Twitter (now known as X) and Instagram pages, and their website. This Image was intentionally altered to make it appear that Skinner was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

31.     Skinner has never been employed at Velvet Rope, has never been hired to endorse

---

[1]  In the modeling world and talent industry (in general), the number of online Instagram "followers", X "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 6

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

32.    Plaintiff **Jamillette Gaxiola** began her career as a teenager. She was spotted by a modeling agent at a fast-food restaurant, and after some initial resistance, the teenage beauty decided to try modeling. She became Miss Cuba at the age of 18, and quickly became popular among fashion designers and magazines. She is active in a number of social and charitable causes, and one of her personal missions has been to help young women deal with self-esteem issues. In a small period of time, she has possessed the work ethic and dedication to transition between Beauty, Fashion, TV, and is now a Sports Personality representing the UFC. She has worked for designer brands such as Reebok, Hurley, Guess Jeans, Victoria Secret, Nike, MAC Cosmetics, Roberto Cavalli, Naeem Khan, Paul Marciano, Fendi, Saks Fifth Avenue and Niemen Marcus. She is also the current face of UFC. Her beauty pageants consist of Miss Cuba Grand International, and Miss Cuba International. Gaxiola's magazine highlights include those of *GQ Magazine, Maxim Australia, Open Magazine*, and *Esquire*. She currently has 210 thousand Instagram followers.

33.    That we know of, Gaxiola is depicted in the photo in **Exhibit B** to promote Velvet Rope on its Facebook page. This Image was intentionally altered to make it appear that Gaxiola (bottom right corner, wearing a black latex costume) was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

34.    Gaxiola has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

to suffer, damages as a result of same.

35.    Plaintiff **Tiffany Gray a/k/a Tiffany Toth** is an extremely successful model that takes great pride in holding the prestigious title of a *Playboy Playmate*. Gray was the *Playboy* "Cyber Girl of the Month" for May 2006. She then went on to pose for three pictorials under *Playboy's* Fresh Faces. Moreover, she has not only been featured in such magazines as *Super Street Bike, Import Tuner, Sport Truck, Iron Man, Muscle & Fitness, Guitar World, Ripped, Seventeen, Pump,* and *Maxim,* but has also posed for various catalogs. Gray has even appeared on television shows such as Tosh.O and The Daily Habit. She has booked jobs shooting for lingerie companies such as Shirley of Hollywood, Seven Til Midnight, Elegant Moments and Jvalentine. She is also a real estate agent in southern California and part owner of Sugar Taco, a plant-based restaurant located in Los Angeles. Gray currently has over 3.8 million Facebook followers, 1.3 million Instagram followers, and over 369.8 thousand X followers.

36.    That we know of, Gray is depicted in the photo in **Exhibit C** to promote Velvet Rope on its Facebook page. This Image was intentionally altered to make it appear that Gray was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

37.    Gray has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Images, and has suffered, and will continue to suffer, damages as a result of same.

38.    Plaintiff **Sara Underwood** first appeared in *Playboy* in the pictorial "The Girls of the Pac 10" in the October 2005 issue in which she also graced the cover. Underwood was the "Playmate of the Month" in the July 2006 issue of the famous men's magazine. She was named

"Playmate of the Year" in 2007. She has been featured in many *Playboy* videos, and not only has she appeared as herself in the films "The House Bunny" (2008) and "Miss March" (2009) but also in episodes reality TV series such as "Kendra" (2009), "The Girls Next Door" (2005) and "Bridget's Sexiest Beaches" (2009). Underwood has also worked on television as a continuity announcer for the Blackbelt TV cable network and co-hosted hundreds of episodes of G4's "Attack of the Show". She is the co-owner of Sugar Taco, and has her YouTube channel, Cabinland with 1.05 million subscribers. She also has 8.6 million followers on Instagram, 1.4 million followers on TikTok, and 1.3 million followers on X.

39.    That we know of, Underwood is depicted in the photo in **Exhibit D** to promote Velvet Rope on its Twitter page. This Image was intentionally altered to make it appear that Underwood was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

40.    Underwood has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

41.    Plaintiff **Lina Posada** is a fashion model and designer. A native of Colombia, Posada is best known as a model for the Besame and Espiral lingerie collections. Posada has also modeled for Paradizia Swimwear, Babalu Swimwear, Irgus Swimwear, Ujeans, as well as many others. She currently has 103 thousand Instagram followers, 4.08 thousand YouTube subscribers, 17.3 thousand Facebook followers, and over 5.3 thousand Twitter followers.

42.    That we know of, Posada is depicted in the photo in **Exhibit E** to promote Velvet Rope on its Twitter page. This Image was intentionally altered to make it appear that Posada was

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

43.     Posada has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

44.     Plaintiff **Jennifer Zharinova** is a highly successful model and actress. Zharinova has modeled for runway, print, commercial, and theatrical jobs for Great Clips, Chevrolet Malibu, 24 Hour Fitness, Caesar's Palace, Sprint, Levi's, Aveda, Target, and Guess among others.

45.     That we know of, Zharinova is depicted in the photo in **Exhibit F** to promote Velvet Rope on its Facebook page. This Image was intentionally altered to make it appear that Zharinova was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

46.     Zharinova has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

47.     Plaintiff **Cielo Jean Gibson** is an American model who enjoys great success in her industry. Gibson was the *Import Tuner* magazine Model Search winner. Gibson is currently a model for the Falken Drift Team and can be seen at Formula Drift events. Gibson has also appeared in several magazines including *FHM, American Curves, Supreme, MuscleMag International*, *Muscle & Fitness*, and *Teeze*. Gibson has also modeled for the world's largest PWC Engine Re manufacturer, Short Block Technologies, better known as SBT, Inc. in Clearwater, Florida. Gibson

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

appeared in a home workout video called ENVY as a character named Eliana, which stands for the "E" in ENVY. Gibson continues to promote and market a number of different companies' sport and fitness equipment and is in the process of developing her own line of supplements and fitness clothing. Gibson has 70.4 thousand Instagram followers.

48.     That we know of, Gibson is depicted in the photo in **Exhibit G** to promote Velvet Rope on its Facebook and Twitter pages. This Image was intentionally altered to make it appear that Gibson was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that she was otherwise associated or affiliated with Velvet Rope.

49.     Gibson has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

50.     Plaintiff **Claudia Sampedro** is a Cuban born model, mother, and spokeswoman. Sampedro moved to Miami when she was 6 years old and at age 16, was discovered by Elite models. Sampedro has appeared in many catalogues and magazine editorials. She has a number of cover credits for magazines such as *Nine 5 Four, Shock, Face to Face* and *Mixed*. Sampedro is a sponsored model for Nutri Sups Nutrition and is also a spokesmodel and contracted model for Bare Ava. Sampedro has three children and is married to former Green Bay's star defensive end Julius Peppers. Sampedro is in the Social Media Influencers top class with over a million Instagram followers and a further combined half million fans on Facebook and X.

51.     That we know of, Sampedro is depicted in the photo in **Exhibit H** to promote Velvet Rope on its Facebook page. This Image was intentionally altered to make it appear that Sampedro was either an employee working at Velvet Rope, that she endorsed Velvet Rope, or that

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 11

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

she was otherwise associated or affiliated with Velvet Rope.

52.    Sampedro has never been employed at Velvet Rope, has never been hired to endorse Velvet Rope, has never been otherwise associated or affiliated with Velvet Rope, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendant's Business Activities and Misappropriation***

53.    Defendant operates Velvet Rope, where they are engaged in the business of providing an establishment where adults can "swap" partners for purposes of engaging in sexual activities, selling food and alcohol, and providing playrooms for sexual activities to entertain the business' clientele.  Defendant has the ability to control its own use of their website and social media accounts to advertise and promote Velvet Rope.  Defendant is ultimately responsible for the advertising content posted by or on behalf of the club through its officers, managers, employees, agents, or independent contractors.

54.    In furtherance of their promotion of Velvet Rope, Defendant operates a website (https://www.velvetropepdx.com) and owns, operates, and controls social media accounts, including its Facebook, Twitter, TikTok, and Instagram accounts.

55.    Defendant used Velvet Rope's website, Facebook, Twitter and Instagram accounts to promote Velvet Rope, and to attract patrons.

56.    Defendant did this for its own commercial and financial benefit.

57.    Defendant has used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, to create the false impression with potential clientele that each Plaintiff either worked at Velvet Rope, endorsed Velvet Rope, or was otherwise associated or affiliated with Velvet Rope.

58.     Defendant used Plaintiffs' Images and created the false impression with the public that Plaintiffs worked at or endorsed Velvet Rope to receive certain benefits from that false impression, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; and an increase in business revenue, profits, proceeds, and income.

59.     Defendant was well aware that none of the Plaintiffs have ever been affiliated with or employed by Velvet Rope, and at no point have any of the Plaintiffs ever endorsed Velvet Rope, or otherwise been affiliated or associated with Velvet Rope.

60.     All of Defendant's activities, including their misappropriation and/or republication of Plaintiffs' Images, were done without the knowledge or consent of Plaintiffs.

61.     Defendant has never compensated Plaintiffs for the unauthorized use of Plaintiffs' Images.

62.     Plaintiffs have never received any benefit from Defendant's unauthorized use of their Images.

***Standard Business Practices in the Modeling Industry***

63.     It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

64.     The fee that a professional model, like each Plaintiff, will receive is negotiated by their agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) where and how long the photo shoot takes place; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards, or posters), known in the modeling industry as "usage"; and, d) the length of time the rights to use the photos will be

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 13

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

assigned, known in the modeling industry at the "term."

65.    Most licenses to use a model's image are for one, two, or three year terms; but almost never is there a "lifetime" term.

***Defendant's Misappropriation of Plaintiffs' Images***

66.    By using Plaintiffs' Images, Defendant, *inter alia*, violated Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at or endorsed Velvet Rope.

67.    Defendant used each Plaintiffs' image to derive commercial benefit from some of the same qualities of Plaintiffs, including each Plaintiff's physical look, attractiveness, distinctive appearance, and advertising idea of using same to bring attention to a third-party product or service, that Plaintiffs trade on to earn income for themselves.

68.    Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

69.    In addition, Plaintiffs allege that any improper unauthorized use of their Images at issue in this case has injured their respective careers, character and reputations, because of the negative connotations of false impression of association with Velvet Rope.

70.    At no point was any Plaintiff ever contacted by any Defendant, or any representative of any Defendant, to request the use of any of Plaintiffs' Images.

71.    No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

72.    No Defendant ever paid any Plaintiff for the use of her Images on any promotional materials, including Velvet Rope's website, Facebook, Twitter, or Instagram accounts.

73.    Defendant used Plaintiffs' Images without their consent, and without providing

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 14

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

74.    Defendant's use of Plaintiffs' Images in some cases was also in violation of copyrights and/or licenses held by others, who had lawful relationships with Plaintiffs based on the standard business practices in the modeling industry.

75.    Defendant's breaches of copyrights and/or licenses held by others likewise had the purpose and effect of injuring Plaintiffs in the ways complained of herein, as Plaintiffs were foreseeable victims of harm from Defendant's breaches.

## FIRST CAUSE OF ACTION
### (Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B): False Advertising)

76.    Plaintiffs hereby re-allege paragraphs 1 through 75 above and incorporate the same by reference as though fully set forth herein.

77.    The advertisements at issue in this action were false and misleading under 15 U.S.C. § 1125(a)(1)(B) because no Plaintiff ever worked at or was in any way associated or affiliated with the Swingers Club, nor had they agreed to appear in Velvet Rope's advertisements.

78.    Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

79.    Each Plaintiff has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

80.    Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

81.    Each Plaintiff possesses a valid and protectable interest in their persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1).

82.     Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their image.

83.     Prior to authorizing the use of their image, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

84.     Plaintiffs did not authorize Defendant's use of any Plaintiff's image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image.

85.     Given the false and misleading nature of the advertisements, Defendant had the capacity to and did deceive consumers.

86.     Upon information and belief, the deceptive advertisements had a material effect on the purchasing decisions of consumers who attended Velvet Rope.

87.     Defendant's publication of these false and misleading advertisements on the internet had the capacity to and did affect interstate commerce.

88.     Even though Defendant was at all times aware that the Plaintiffs neither worked at nor endorsed Velvet Rope, Defendant nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiff's employment at or affiliation with Velvet Rope.

89.     Defendant knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Velvet Rope.

90.     Defendant's use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Velvet Rope, and the goods and services provided by Velvet Rope.

91.     Defendant's unauthorized use of Plaintiffs' Images created a false advertisement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

## SECOND CAUSE OF ACTION
### (Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Association)

92.    Plaintiffs hereby re-allege paragraphs 1 through 91 above and incorporate the same by reference as though fully set forth herein.

93.    Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

94.    Each Plaintiff has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

95.    Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

96.    Each Plaintiff possesses a valid and protectable interest in their persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1)(A).

97.    Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their image.

98.    Prior to authorizing the use of their image, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

99.    Plaintiffs did not authorize Defendant's use of any Plaintiff's image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image.

100.    Defendant's use of Plaintiffs Images created the false impression with the public that Plaintiffs were affiliated, connected, or associated with Velvet Rope, or worked at, sponsored, or approved of Velvet Rope's goods, services, or commercial activities.

101.    This was done to promote and attract clientele to Velvet Rope, and thereby generate

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

revenue for the Defendant, and for Defendant's commercial benefit.

102.   Even though Defendant was at all times aware that the Plaintiffs were neither affiliated, connected or associated with Velvet Rope, nor worked at, sponsored, or approved of Velvet Rope's goods, services or commercial activities, Defendant nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiffs' employment at or affiliation with Velvet Rope.

103.   Defendant knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship, affiliation, connection, association, or employment at Velvet Rope.

104.   Defendant's use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' employment at or endorsement of Velvet Rope and the goods and services provided by Velvet Rope.

105.   Defendant's unauthorized use of Plaintiffs' Images created a false endorsement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

### **THIRD CAUSE OF ACTION**
### **(Violation of Oregon's Unlawful Trade Practices Act, O.R.S. § 646.638)**

106.   Plaintiffs hereby re-allege paragraphs 1 through 105 above and incorporate the same by reference as though fully set forth herein.

107.   Defendant operated Velvet Rope's website and social media accounts in order to promote Velvet Rope, to attract clientele thereto, and to thereby generate revenue for Defendant.

108.   As such, Defendant's operation of the website and social media accounts, and their publication of Images thereon, were in commerce, in that they involved a business activity and the

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 18

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

day-to-day activities and affairs of Defendant in Oregon.

109.    Defendant published Plaintiffs' Images on Velvet Rope's website and social media accounts to create the false impression that Plaintiffs were either employees working at Velvet Rope, endorsed Velvet Rope, or were otherwise affiliated, associated, or connected with Velvet Rope.

110.    In doing so, Defendant's engaged in an unlawful practice if in the course of the their business, vocation or occupation by, *inter alia*, (a) passing off Plaintiffs' good or services as their own, (b) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants goods or services (c) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have; and (d) representing that goods or services are of a particular standard, quality, or grade, or that goods or services are of a particular style or model, if the goods or services are of another.

111.    As such, by publishing Plaintiffs' Images, Defendant mislead the public as to Plaintiffs' employment at and/or affiliation with Velvet Rope and/or Defendant's nature of services offered at their establishment, i.e. making the public at large believe that Plaintiffs would be present at Defendant's establishment and or participate in Defendant's adult-oriented activities, including, but not limited to: partner swapping and associated sexual activities, including intercourse with other members of the Velvet Rope.

112.    Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public were unfair, in that they were immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers in Oregon.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 19

113.    Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public were deceptive, in that they possessed the tendency or capacity to mislead, or created the likelihood of deception, affecting members of the public in Oregon and thereby causing injury to Plaintiffs.

114.    Upon information and belief, members of the public relied upon and were in fact deceived by Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public.

115.    Defendant thus engaged in unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce in the state of Oregon and caused injury to the Plaintiffs as complained of herein.

116.    Defendant's advertising practices offend the public policy of Oregon insofar as they constitute misappropriation of Plaintiffs' property rights in their own Images, breaches of copyrights and/or licenses held by others, and invasion of Plaintiffs' privacy, for Defendant's commercial benefit.

117.    Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with and/or are employees at Velvet Rope.

118.    Defendant's advertising practices cause substantial injury to consumers and the Plaintiffs by creating the false impression that Plaintiffs are employees at, endorse, or are otherwise affiliated with Velvet Rope.

119.    There are no benefits to Defendant's advertising practices as set forth hereon except a benefit to Defendant's own commercial interests.

120.    As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on its website and social media accounts, each of the Plaintiffs' reputations was injured, and each of the Plaintiffs' ability to market herself as a model was injured.

121.    As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

### FOURTH CAUSE OF ACTION
**(Violation of Right of Publicity & Privacy - Misappropriation of Image and Likeness)**

122.    Plaintiffs hereby re-allege paragraphs 1 through 121 above and incorporate the same by reference as though fully set forth herein.

123.    Defendant has appropriated each Plaintiffs' image and likeness for Defendant's commercial purposes without authority or consent from each of Plaintiffs.

124.    Each Plaintiff is a well-known professional model and/or social media influencer who earns her livelihood modeling and licensing her Images to companies, magazines and individuals for the purpose of advertising products and services.

125.    Defendant misappropriated Plaintiffs' likenesses by publishing their Images on Velvet Rope's website or related social media accounts as part of Defendant's advertising campaign.

126.    Each of the Plaintiffs' Images was misappropriated, and/or altered by Defendant to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant.

127.    Velvet Rope's website and social media accounts were designed to advertise and attract business to Velvet Rope and generate revenue for Defendant.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 21

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

128.     Plaintiffs are informed and believe and hereon allege that the manner in which Defendant posted and publicized their Image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendant published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

129.     Plaintiffs are further informed and believe and hereon allege that Defendant's republished Plaintiff's Image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint and further allege that Defendant's republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

130.     Upon information and belief, Defendant's use of Plaintiffs' Images did in fact attract clientele and generate business for Velvet Rope.

131.     At no point did Defendant ever seek or receive permission or consent to use any Plaintiff's Image for any purpose.

132.     Defendant was at all relevant times aware that it had never received any Plaintiffs' permission or consent to use their Images in any medium for any purpose.

133.     At no point did Defendant ever compensate Plaintiffs for its unauthorized use of their Images.

134.     Defendant's misappropriation of Plaintiffs' Images was a proximate cause of the harm done to Plaintiffs from Defendant's unauthorized use of their Images.

135.     Plaintiffs have been damaged in amounts to be proved at trial.

///

///

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 22

## FIFTH CAUSE OF ACTION
### (Defamation of Character)

136.    Plaintiffs hereby re-allege paragraphs 1 through 135 above and incorporate the same by reference as though fully set forth herein.

137.    As detailed throughout this Complaint, Defendant has published photographs containing the image and likeness of Plaintiffs in order to promote Velvet Rope to the general public and potential clientele.

138.    Defendant's publication of the Images was in a manner that made it appear as if though Plaintiffs were either employed by Velvet Rope, endorsed Velvet Rope, or participated in the adult-oriented, sexual activities that take place at the Velvet Rope.  In doing so, Defendant subjected Plaintiffs to contempt or ridicule and/or diminished the esteem, respect, goodwill, or confidence in which Plaintiffs are held or excited adverse, derogatory or unpleasant feelings or opinions against Plaintiffs.

139.    In publishing Plaintiffs' altered Images, Defendant created false impression to the general public that Plaintiffs were employees working at Velvet Rope, endorsed Velvet Rope, and or participated in the sexual activities and lifestyle that Velvet Rope condones, promotes, and allows to happen at their establishment. None of these representations were true and Defendant's use of Plaintiffs' Images are defamatory because they falsely ascribe to another conduct, characteristics, or a condition incompatible with the proper conduct of their lawful business, trade, or profession.

140.    Plaintiffs allege that Defendant published the Images of Plaintiffs with actual malice, and their acts were gross and wanton, evidencing a reckless disregard for the rights of Plaintiffs, because the Defendant knew that Plaintiffs were not employed by Velvet Rope, had no

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 23

affiliation with Velvet Rope, and/or had not consented to the use of their Images, and had not been compensated for the use of the same.

141.    Despite Defendant's knowledge and reckless disregard of the true facts, they nevertheless made the decision to publish Plaintiffs' Images to attract clientele and generate revenue for themselves.

142.    Defendant's publication of Plaintiffs' Images constitutes defamation per se under Oregon law because said publication falsely accuses Plaintiff of having acted in a manner – *i.e.*, working as an employee  and/or participating in the sexual activities that take place at the Velvet Rope - which would subject each Plaintiff to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society.

143.    Defendant's publication of Plaintiffs' Images likewise constitutes defamation *per se* under Oregon law because said publication would tend to impeach and injure each Plaintiff in her trade, business, and profession as a professional model.

144.    Defendant's publication of Plaintiffs' Images likewise constitutes defamation *per se* under Oregon law because, insofar as said publication falsely portrays each of the Plaintiffs as an employee, it imputes unchastity to them.

145.    Defendant's publication of Plaintiffs' Images caused Plaintiffs to suffer damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

///

///

///

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 24

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

## SIXTH CAUSE OF ACTION
### (Negligence, Gross Negligence, and *Respondeat Superior*)

146.    Plaintiffs hereby re-allege paragraphs 1 through 145 above and incorporate the same by reference as though fully set forth herein.

147.    Plaintiffs are further informed and believe and hereon allege that Defendant maintains or should have maintained employee policies and procedures which govern the use of intellectual property, copyrights, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, copyrights, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

148.    Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

149.    Defendant owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

150.    Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

151.    Defendant breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, copyrights, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

152.    Defendant further failed to enforce or implement the above-stated policies and/or

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 25

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with federal and Oregon law, were not violated. Defendant breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

153.    Defendant's breaches were gross and wanton, evidencing a reckless disregard for the rights of Plaintiffs.

154.    Defendant's breaches were the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

155.    As a result of Defendant's negligence and gross negligence, Plaintiffs have suffered damages and are entitled to recover compensatory and punitive damages from the Defendant in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs respectfully request Judgment in their favor and against Defendant as follows:

(a) For the Defendant to be adjudged liable to Plaintiffs upon Plaintiffs' first through sixth causes of action;

(b) For an award of actual damages to be paid by Defendant to Plaintiffs, in an amount to be determined at trial but currently estimated not to exceed $1,445,000, relating to Plaintiffs' first through sixth causes of action;

(c) For an order ***permanently enjoining*** Defendant from using Plaintiffs' Images for any purpose;

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 26

(d) For punitive damages and treble damages under the Lanham Act, 15 U.S.C. § 1117, and the Oregon's Unlawful Trade Practices, O.R.S. § 646.605;

(e) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action pursuant to the Lanham Act, 15 U.S.C.§ 1117, and the Oregon's Unlawful Trade Practices, O.R.S. § 646.605; and

(f) For such other and further relief as the Court may deem just and proper.

DATED this 4th day of April 2024.

Respectfully submitted,

KB Law, LLC

By: *s/ Kenji Kozuma*
Kenji Kozuma, OSB# 954806
Email: kenji@kblawpdx.com
1717 NE 42nd Avenue, #3210
Portland, OR 97213
O: (503) 206-8122
D: (503) 449-4132
F: (503) 477-9132
Of Attorneys for Plaintiffs

Joseph N. Casas (*pro hac vice* application to
    be filed)
joseph@talentrights.law
THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457
F: 855-220-9626
Of Attorneys for Plaintiffs

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 27